was originally employed in the "repairing room oiling sticks," which is not prohibited work to a boy of his age. We are inclined to think that counsel has departed from the theory of his case as presented to us in his original brief and argument, and is attempting in his petition for rehearing to recast this theory into the form passed upon in the *Stetz* case, *supra*.

The other case is *Lostutter v. Brown Shoe Co.*, Gen. No. 6317, 203 Ill. App. 517. We are in accord with the statement of the dissenting opinion that the question of the repeal of our Child Labor Act is not involved.

While the opinions in these cases do not dissuade us from our opinion heretofore expressed, they emphasize the importance of having a final determination of the question involved by our Supreme Court; and to secure this we are ready to give assistance in any feasible way which may be suggested to us.

*Petition for rehearing denied.*

------

## Anna Richert, Administratrix, Appellee, v. Village of Niles, Appellant.

### Gen. No. 22,805.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Action by Anna Richert, administratrix of the estate of Albert Richert, deceased, plaintiff, against the Village of Niles, defendant, to recover for the death of Albert Richert, alleged to have been due to the negli-

gence of defendant in knowingly permitting a certain public highway to be in an unsafe condition of repair so that it was not safe for public travel. From a judgment for plaintiff, defendant appeals.

Theodore A. Kolb, for appellant; Francis X. Busch, of counsel.

Irwin R. Hazen and Le Roy V. Penwell, for appellee.

Mr. Presiding Justice McSurely delivered the opinion of the court.

### Abstract of the Decision.

1. Municipal corporations, § 1098*—*when evidence sufficient to show that boy did not jump off wagon.* In an action against a village to recover for the death of a boy fifteen years old caused by being thrown from a wagon which was being driven by another person along a public road on a dark night, where the front wheel of the wagon went down into a hole up to the axle, followed by the hind wheel, and it was claimed that the boy jumped off, and no one saw him the instant he went off the wagon, but the driver of the wagon stated that he saw a lantern which the boy held fall down in front of the wagon and go out, and that the boy apparently fell off the seat, and stopped his team and got down and found the boy lying on the street in an apparently lifeless condition, evidence *held* sufficient to show that the boy was thrown off or fell off the wagon, and that he did not jump off it.

2. Municipal corporations, § 1098*—*when evidence sufficient to show negligence in allowing hole to exist in road.* In an action against a village, to recover for the death of a boy caused by his being thrown from a wagon as the result of the wheels going down into a hole in a public road on a dark night, *held* that testimony showing that such hole had been in the street for about a month, and that accidents had happened at the same hole before the accident in question, constituted sufficient proof of negligence.

3. Municipal corporations, § 1089*—*what evidence admissible to show condition of road after accident.* Where, in an action against a village to recover for the death of a boy caused by his being

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

thrown from a wagon as the result of the wheels going down into a hole in a public road on a dark night, the defendant claimed that it was error to permit evidence as to the filling up of the hole very shortly after the accident, and where it appeared that the witnesses who gave such testimony had been sent for the purpose of filling the hole, and had testified as to its location and size, *held* that such evidence was proper to prove conditions immediately or shortly after the accident in question.

William Billos and George Thanos, Appellees, v. Joseph F. Kozlowski, Appellant.

Gen. No. 22,812.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

## Statement of the Case.

Action by William Billos and George Thanos, plaintiffs, against Joseph T. Kozlowski, defendant, to recover money deposited as security for the payment of rent. From a judgment for $853.28 in favor of plaintiffs, defendant appeals.

BEACH & BEACH, for appellant; PAUL C. SCHUSSMAN, of counsel.

W. A. MORROW, for appellees.

·· MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. DAMAGES, § 85*—*when money deposited by tenant as security for rent not treated as liquidated damages.* In an action to recover

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.